71364. MAXWELL v. THE STATE.
(342 SE2d 8)

BENHAM, Judge.

Appellant was convicted of burglary and aggravated assault. On appeal he contends the evidence presented against him was insufficient to support the verdicts and asserts he was improperly sentenced as a recidivist.

1. The burglary victim testified he left his apartment unlocked while he walked his dog. When he reached for the doorknob to re-enter his apartment, the door was opened from the inside. Standing on the interior side of the door was a man the witness unhesitatingly identified as appellant, holding the victim's stereo speaker. The vic-

tim ran off, as did the burglar. Investigating officers returned to the victim's apartment twice, once with two suspects and the second time with appellant. The victim could not identify either of the first two men, but identified appellant as the burglar who had met him at his door. The witness stated he had given no one permission to enter his apartment and remove his stereo speaker.

The victim of the aggravated assault testified he was walking home near the site of the burglary at approximately the time of the burglary. He was accosted by a gun-wielding man whom he positively identified as appellant. The victim stated that his assailant ran off when he saw police officers approaching. The victim reported the incident to the officers and accompanied them to the scene of appellant's arrest, where the victim identified appellant as the perpetrator. The victims' identification of appellant as the perpetrator of the crimes was sufficient evidence for a rational trier of fact to have found appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cook v. State*, 171 Ga. App. 431 (1) (320 SE2d 195) (1984).

Appellant maintains that the eyewitness identification testimony should not have been permitted because the pre-indictment confrontation between appellant and each of the witnesses was impermissibly suggestive. We disagree.

Within an hour of the two incidents, each victim identified appellant in a showup as the perpetrator. The assault victim identified appellant at the scene of the arrest whereas the burglary victim identified him while appellant sat in the rear of a police car. Each victim testified that his one-on-one confrontation with appellant during the commission of the crime lasted several seconds. The description each victim gave of the perpetrator proved accurate, and each was certain of his identification of appellant. Less than one hour elapsed between the crimes and the post-arrest confrontations with appellant. Using the criteria set out in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), we conclude that under the totality of the circumstances, the identification procedures used were not unduly suggestive and there was no substantial likelihood of irreparable misidentification. See *McGhee v. State*, 253 Ga. 278 (2) (319 SE2d 836) (1984); *Jackson v. State*, 173 Ga. App. 851 (3) (328 SE2d 741) (1985).

2. Since appellant was indicted as an habitual offender, the state introduced certified copies of his earlier indictments, pleas, and sentences for aggravated sodomy (1979) and possession of a firearm by a convicted felon (1984) during the sentencing phase of the trial, without objection from appellant. Citing *King v. State*, 169 Ga. App. 444 (313 SE2d 144) (1984), appellant now argues that the trial court should not have considered appellant's conviction for possession of a firearm by a convicted felon. "Where the evidence of the defendant's

prior convictions is properly tendered and admitted without objection, 'a subsequent review of that phase is eliminated.' [Cit.]" *Peavy v. State*, 159 Ga. App. 280 (4) (283 SE2d 346) (1981).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 24, 1986.

*George C. Oetter, Jr.*, for appellant.

*Willis B. Sparks III, District Attorney, Jennie E. Rogers, Assistant District Attorney*, for appellee.