## 71976. YOUNGBLOOD v. THE STATE.
### (345 SE2d 634)

SOGNIER, Judge.

Appellant was convicted of attempted murder and appeals on the general grounds. The evidence disclosed that after appellant's husband's fourth hospitalization in a short period of time for an undiagnosed illness with severe effects, Mr. Youngblood's daughter, Imogene Merritt, asked the doctor if her father could have been poisoned. Tests then disclosed that Mr. Youngblood was suffering from arsenic poisoning. At the doctor's direction Merritt searched appellant's house and found two empty bottles that had contained ant poison on appellant's closet shelf. Police authorities were notified and obtained appellant's permission to search her home. During the search the sheriff observed appellant go into the bathroom, get a bottle out of the medicine cabinet and put it in her blouse. When asked by the

sheriff to give him the bottle, appellant denied having a bottle in her blouse; she jerked away from the sheriff, who then reached in appellant's blouse and retrieved a bottle of fire ant killer. A chocolate milk carton was seized from the refrigerator and analysis disclosed the presence of traces of arsenic. Mr. Youngblood was the only person who drank chocolate milk, and it was always put in his glass by appellant. Appellant admitted buying the fire ant killer, and admitted buying ant poison previously. The ant poison contained arsenic. Mr. Youngblood had never seen ant poison in the house, and there was no problem with ants in the house.

Appellant contends that the evidence is all circumstantial and does not exclude every reasonable hypothesis save that of her guilt, because several persons had equal access to her house. Thus, appellant contends that the evidence does not exclude the possibility that someone other than appellant poisoned her husband.

Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for the trier of fact. See *Bowen v. State*, 173 Ga. App. 361 (1) (326 SE2d 525) (1985). This was a bench trial and if the judge is authorized to find that the evidence, though circumstantial, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict will not be disturbed by the appellate court unless the verdict is unsupportable as a matter of law. *Bowen*, supra. We do not find the evidence here unsupportable as a matter of law.

Although appellant contends other persons had access to her house, only Mr. Youngblood and his 93-year-old mother lived with appellant. Appellant did all the cooking except for biscuits made by her mother-in-law, and appellant prepared and served all beverages consumed by her husband. Mrs. Merritt visited only about once a month, even though she lived in a trailer on the Youngblood property. The term "hypothesis" refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section (OCGA § 24-4-6) authorizing a conviction based on circumstantial evidence does not mean that the act might, by bare possibility, have been done by someone else, but that the State must show to a moral certainty that it was the defendant's act. *Hopkins v. State*, 167 Ga. App. 811, 815 (2) (307 SE2d 707) (1983). The State met this burden in the instant case and we find the evidence sufficient to exclude all reasonable hypotheses save that of the accused's guilt. Thus, the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 2, 1986 —
REHEARING DENIED MAY 22, 1986 — 

*Richard D. Phillips*, for appellant.
*Dupont K. Cheney, District Attorney*, for appellee.