## 77585. MATCHETT v. THE STATE.
### (378 SE2d 404)

POPE, Judge.

Defendant Ronnie Matchett was convicted of armed robbery and possession of a gun during the commission of a crime and he appeals.

1. Defendant first asserts the general grounds. The record shows defendant was positively identified both in court and out of court by the cashier of the store which was robbed. The testimony of the victim alone is sufficient to convict the defendant. *Gay v. State*, 143 Ga. App. 857 (1) (240 SE2d 226) (1977); see OCGA § 24-4-8. Additionally, circumstantial evidence was produced which linked defendant with the crime. The evidence was thus sufficient to sustain the conviction.

2. Defendant moved for a directed verdict of acquittal on the ground that the victim's out-of-court identification of the defendant was improperly suggestive. However, the victim's in-court identification of the defendant was sufficient to convict him. Moreover, the record shows that defendant's attorney expressly abandoned the motion to suppress which was filed prior to trial in regard to the out-of-court identification. Defendant did not object to the victim's testimony concerning her out-of-court identification of the defendant and first raised the issue at the close of the State's evidence in his motion for directed verdict. Having waived the objection to the evidence, he was not entitled to a directed verdict on the ground that the evidence was inadmissible. See *Skinner v. State*, 155 Ga. App. 754 (272 SE2d 570) (1980); cf. *Maness v. State*, 159 Ga. App. 707 (285 SE2d 193) (1981) (when defendant's counsel stated he had no objection to the introduction of the evidence in question, defendant thus waived his right to appeal the denial of his earlier motion to suppress the evidence).

Even if defendant had not waived his objection to the out-of-court identification, we find it provided no ground for a directed verdict or for the grant of a new trial. At the showup during which he was identified, defendant was the only person in the room, other than the victim, who was not a police officer. Although as a general rule a police station showup, as opposed to a conventional lineup, is not favored, "in each case it is necessary to look at the 'totality of the circumstances.' *Davis v. State*, 233 Ga. 847 (213 SE2d 695) [(1975)]." *Sherwin v. State*, 234 Ga. 592, 593 (216 SE2d 810) (1975). The victim

in this case made the out-of-court identification of defendant approximately one hour after the robbery. The evidence showed she had ample opportunity to observe the defendant at the scene of the crime and that she made an unequivocal identification of the defendant at the showup. Thus, the totality of the circumstances shows that the showup was not improper and that it did not improperly taint the victim's in-court identification of him. The trial court did not err in denying the motion for directed verdict or the motion for a new trial.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 8, 1989.

*William R. Folsom*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.