A90A0598. TRAMMELL v. THE STATE.
(396 SE2d 286)

COOPER, Judge.

Appellant was convicted by a jury of driving under the influence of alcohol and sentenced to twelve months to serve. Appellant filed several post-conviction motions which were all denied by the trial court.

Construing the evidence to support the jury's verdict, the record

reveals that a truck driven by appellant ran off a state highway at approximately 12:30 a.m. The state trooper who arrived at the scene shortly after the accident testified that appellant's speech was slurred; his eyes were bloodshot; he had a strong odor of alcoholic beverage on his breath and was in a very unsteady condition. The trooper also stated that, based on his experience, appellant was under the influence and was less safe to operate a motor vehicle. A woman who arrived at the accident scene prior to the trooper testified that she tried to assist appellant, who was bleeding from a cut on his forehead, and observed that appellant's eyes were glassy, his speech was slurred, he "was like wild, smelled like beer and in her opinion, he was drunk. Appellant, who admitted having two and a half beers at approximately 11:30 p.m. that evening, stated that the accident occurred after he swerved to avoid a deer that entered the roadway. A breath test administered to appellant at approximately 2:15 a.m. showed a blood-alcohol content of .08 grams. The investigating officer testified that, based on his training and knowledge of alcohol metabolization by the human body, the breathalyzer reading of .08 grams was higher than he would expect to find in someone who had consumed two and a half beers almost three hours before the test. The record does not reflect that appellant was given any field or roadside sobriety tests.

1. Appellant's first enumeration of error is that the evidence was insufficient to support his conviction for DUI. Appellant denied that he was unsteady on his feet, and maintained that his eyes were bloodshot from working long hours. He also cites the fact that no field sobriety tests were given to him as evidence of his innocence. "Judging the credibility of witnesses and weighing the evidence are functions within the province of the jury." *Lucas v. State*, 192 Ga. App. 231, 232 (1) (384 SE2d 438) (1989). Reviewing the transcript in a light most favorable to the verdict reveals ample evidence from which a rational trier of fact could find beyond a reasonable doubt that appellant was guilty of driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next contends that the trial court erred in denying his motion to quash Count I of the accusation as it failed to charge a DUI offense under OCGA § 40-6-391 (a) (1). Count I charged appellant with "driving under the influence of alcohol," and the accusation further charged that appellant "did drive and operate a certain . . . vehicle . . . when [appellant] was then and there under the influence of alcohol, contrary to the laws of said State, the good order, peace and dignity thereof." The accusation was entered in November 1987, prior to the 1988 amendments to OCGA § 40-6-391, consequently the statute then proscribed driving or being in actual physical control of a vehicle "while under the influence of alcohol." At that time, per a judicially imported standard, conviction of the crime required proof

that the driver was under the influence of alcohol to a degree which rendered him less safe or incapable of safely driving. *Groom v. State,* 187 Ga. App. 398, 400 (370 SE2d 643) (1988). Appellant argues that since the accusation did not specifically charge that he was "less safe to drive," then Count I is fatally defective because it does not make out a DUI offense under the statute. Appellant further argues that pursuant to the test for the sufficiency of an indictment set forth in *State v. Eubanks,* 239 Ga. 483, 485 (238 SE2d 38) (1977), appellant can admit the charge as made and still be innocent. We disagree.

"The legal sufficiency of the accusation or indictment depends upon the accusation as a whole. 'An indictment is sufficiently technical and correct if it states the offense in the terms and language of the statute or so plainly that the jury may easily understand the nature of the offense charged. (OCGA § 17-7-54).' [Cit.] '(A) defendant who was not at all misled to his prejudice by any imperfection in the indictment cannot obtain reversal of his conviction on this ground.' [Cit.] The designation of the offense should be construed together with the descriptive averments contained in the accusation or indictment to determine whether it adequately charges the offense. [Cit.] An accusation or indictment is legally sufficient so long as it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. [Cit.]" *Manley v. State,* 187 Ga. App. 773, 775-776 (2) (371 SE2d 438) (1988). The accusation charges according to the statute and the descriptive averments charge that appellant was under the influence of alcohol, contrary to the laws of the state. Clearly, appellant could not have admitted the offense and still be innocent. See *Watson v. State,* 190 Ga. App. 671 (3) (379 SE2d 811) (1989). Further, it has been held that the phrase "driving under the influence of alcohol" is "universally recognized and understood, and it is not deficient because indefinite or unintelligible." *Cargile v. State,* 244 Ga. 871, 873 (1) (262 SE2d 87) (1979). The language of the accusation adequately apprised appellant of the charges against him and did not mislead him to his prejudice. In fact, appellant does not even assert such a claim. We find that the accusation was not fatally defective and appellant's second enumeration is meritless.

3. Thirdly, appellant contends that the twelve month prison sentence imposed for appellant's first conviction constituted cruel and unusual punishment. This sentence was within the statutory limit. " ' "A sentence is not unconstitutionally cruel and unusual if it is within the statutory limit. (Cit.) This court is without authority to review sentences within the statutory range." [Cit.]' " *Sherrell v. State,* 170 Ga. App. 798 (1) (318 SE2d 221) (1984).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JULY 10, 1990 —
REHEARING DENIED JULY 26, 1990 — CERT. APPLIED FOR.

*Steven H. Sadow,* for appellant.
*W. Fletcher Sams,* District Attorney, *J. David Fowler,* Assistant District Attorney, for appellee.