A91A1090. JOHNSON v. THE STATE.
(410 SE2d 189)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of public drunkenness and obstruction of a law enforcement officer. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. The charge of obstructing a law enforcement officer was predicated upon appellant's resistance to being arrested for disorderly conduct. Subsequent to appellant's arrest, the disorderly conduct statute was declared unconstitutional. *Satterfield v. State*, 260 Ga. 427 (395 SE2d 816) (1990). At trial, appellant urged that he had had the legal right to resist his arrest for disorderly conduct and moved for a directed verdict of acquittal as to the charge of obstructing the law enforcement officer who had been attempting to enforce the unconstitutional statute. The denial of appellant's motion for a directed verdict

of acquittal is enumerated as error.

Appellant's "argument that [his] arrest was unlawful depends entirely on the unconstitutionality of the . . . disorderly conduct statute. [However,] . . . such statute had not been held unconstitutional prior to [appellant's] arrest. . . . An arrest is not unlawful within the common law right to resist, if the arrest is authorized by statute . . . , even though the statute may later be declared unconstitutional. . . . [Cits.] . . . . [T]he validity of the arrest depends on the law *as it exists at the time of the arrest and not as it may later be declared.*" (Emphasis in original.) *Wright v. Bailey*, 544 F2d 737, 740 (2) (4th Cir. 1976).

Under the circumstances, it would not have been proper for the law enforcement police officer " 'to take it upon himself to pass upon the validity of the [statute]. Until repealed or held invalid by a court of competent jurisdiction, it was the duty of the officer to enforce the [statute]. Likewise, it was not the right of an individual to resist arrest on the basis of a contention that the law he allegedly was violating was unconstitutional or invalid for some other reason. A defendant may raise that question as a defense to the charge and have the validity or constitutionality of the statute or ordinance determined, and he will be acquitted if his claim of unconstitutionality or invalidity is sustained. Courts are established and available for the purpose of determining such questions. Such procedure is an integral part of an orderly society under a government of law. To permit persons to resist arrest and attack an officer and then be excused if they successfully question the constitutionality or validity of a statute or ordinance would lead to chaos and would be intolerable. . . .' Since it was not until . . . after [appellant's] arrest that the statute under which he was arrested was found unconstitutional, it follows that his arrest was not unlawful at the time made within the contemplation of the rule granting one arrested the right to resist." *Wright v. Bailey*, supra at 741-742.

The fact that the State was barred from securing appellant's conviction for disorderly conduct is immaterial to appellant's guilt for obstruction of the law enforcement officer. It is the legality of appellant's arrest for disorderly conduct, not his actual conviction for disorderly conduct, that is material to his guilt for obstruction of the law enforcement officer. See *Brooks v. State*, 166 Ga. App. 704, 706 (305 SE2d 436) (1983). "The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. [Cit.]" *Garrett v. State*, 184 Ga. App. 715, 716 (3) (362 SE2d 423) (1987). "Since the arrest was lawful, the evidence was . . . sufficient to meet the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]." *Brooks v. State*, supra at 706. See also *Garrett v.*

*State*, supra at 716 (2, 3).

2. Appellant also enumerates as error the trial court's denial of his motion for directed verdict on the charge of public drunkenness.

The State's evidence showed that appellant evidenced a strong smell of alcohol and exhibited mannerisms and an attitude indicative of intoxication. An officer at the scene testified that, in his opinion, appellant was under the influence of alcohol. There is no question that appellant was in a public place, was boisterous and used "vulgar, profane, loud, or unbecoming language. . . ." OCGA § 16-11-41 (a). Although appellant testified that he had only taken medicine which smelled like alcohol, "[o]bviously the jurors elected to disbelieve the explanation offered by [appellant] and accept the spotlight of guilt focused by the circumstantial evidence [of intoxication]." *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528) (1980). See also *Trammell v. State*, 196 Ga. App. 540, 541 (1) (396 SE2d 286) (1990).

"Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for the trier of fact. [Cit.]" *Youngblood v. State*, 179 Ga. App. 163, 164 (345 SE2d 634) (1986). "The evidence set forth above was sufficient to authorize a rational trier of fact to find appellant guilty of public drunkenness [as well as] obstruction of an officer beyond a reasonable doubt. [Cits.]" *Garrett v. State*, supra at 716 (3). See also *Patterson v. State*, 181 Ga. App. 68 (1) (351 SE2d 503) (1986); *Lovell v. State*, 189 Ga. App. 311, 314 (6) (375 SE2d 658) (1988).

*Judgments affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Summer & Summer, Daniel A. Summer*, for appellant.

*Lydia S. Jackson, Solicitor, Jerry Rylee, Graham McKinnon IV, Assistant Solicitors*, for appellee.