## A91A1816. ROGERS v. THE STATE.
### (415 SE2d 49)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of rape, aggravated sodomy, battery, kidnapping with bodily injury, and two counts of aggravated assault. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant filed a motion in limine, seeking to prevent the introduction of evidence regarding the victim's identification of him as the perpetrator. The denial of this motion is enumerated as error.

Shortly after the commission of the crimes, the victim had given officers a description of her assailant. This description was general as to the physical characteristics of the assailant but was specific as to his clothing. Shortly thereafter, appellant, who matched the victim's description, was arrested. The victim was then taken to the police station where she identified appellant in a one-on-one showup. At the time of this showup, appellant was not wearing the clothes that he had been wearing at the time of his arrest. Thus, appellant's clothing, which had been a factor in his arrest, had not been a factor in the victim's identification of appellant at the showup.

"Although as a general rule a police station showup, as opposed to a conventional lineup, is not favored, 'in each case it is necessary to look at the "totality of the circumstances." [Cit.]' [Cit.]" *Matchett v.*

*State*, 190 Ga. App. 227 (2) (378 SE2d 404) (1989). The instant showup was conducted as soon as possible after the crimes had been committed. "[O]ur appellate courts have consistently upheld the admission of in-court identifications when prior one-on-one showups are reasonably and fairly conducted at or near the time of the offense. [Cits.]" *Arnold v. State*, 155 Ga. App. 782, 783 (1) (272 SE2d 751) (1980). "Here the one-on-one confrontation was permissible in aiding a speedy police investigation and because there were possible doubts as to the identification which needed to be resolved promptly and in order to enhance the accuracy and reliability of identification in order to permit the expeditious relief of innocent subjects. [Cits.]" *Arnold v. State*, supra at 783-784 (1). "The description [the] victim gave of the perpetrator proved accurate, and [she] was certain of [her] identification of appellant." *Maxwell v. State*, 178 Ga. App. 20, 21 (1) (342 SE2d 8) (1986). "[G]iven the fact that the [victim] was quite obviously concentrating on the [perpetrator's] appearance with a view towards obtaining a description of him, and given the fact that the description [she] did obtain proved to be accurate, the brevity of [her] opportunity to observe the [perpetrator] is not sufficient, in and of itself, to require the exclusion of [her] testimony. [Cit.]" *Benton v. State*, 178 Ga. App. 239, 241 (1) (342 SE2d 722) (1986). "[W]e conclude that[,] under the totality of the circumstances, the identification procedures used were not unduly suggestive and there was no substantial likelihood of irreparable misidentification. [Cits.]" *Maxwell v. State*, supra at 21 (1). See also *Matchett v. State*, supra.

Moreover, the record shows that there was a basis for the victim's in-court identification of appellant which was independent of the showup. At trial, the victim testified that she had seen her assailant's clothing and she was shown the clothing that appellant had been wearing at the time of his arrest. She identified certain articles of appellant's clothing as being those which her assailant had worn and certain other articles of appellant's clothing as being similar to those which her assailant had worn. Thus, appellant's clothing, which had not been a factor in the victim's identification of appellant at the showup, was shown to be an independent basis for the victim's identification of appellant at trial. " 'Where in-court identification is independent of [showup] identification, the admission into evidence of in-court identification is not error' [Cits.]" *Price v. State*, 159 Ga. App. 662, 663 (1) (284 SE2d 676) (1981).

Accordingly, the trial court did not err in denying appellant's motion in limine.

2. The State called an expert witness who, in the course of her direct examination, testified that 20 percent of the male population was comprised of nonsecretors. On cross-examination, appellant established that this portion of the witness' testimony had been based

upon a specific study that she herself had not personally conducted. Appellant then moved to strike that portion of the witness' testimony as hearsay. The denial of this motion to strike is enumerated as error.

"Books of science and art are not admissible in evidence to prove the opinions of experts therein expressed. [Cits.] But, notwithstanding the inadmissibility of the books, the opinions contained therein may come to the jury though the mouth of an expert witness. [Cits.]" *Boswell v. State*, 114 Ga. 40, 43 (3) (39 SE 897) (1901). " 'The opinion of an expert as to what conclusions may be properly drawn from statements in scientific works pertaining to his profession, amounts to something more than mere hearsay, and may be very valuable in elucidating a given scientific inquiry.' [Cit.]" *Woods v. Andersen*, 145 Ga. App. 492, 494 (3) (243 SE2d 748) (1978). "The court [would have] erred in restricting the expert's testimony as . . . hearsay and allowing [her] to testify only as to actual knowledge of tests performed by [her]." *Herrin v. State*, 138 Ga. App. 729, 732 (7) (227 SE2d 498) (1976), overruled on other grounds *Patterson v. State*, 238 Ga. 204, 207 (232 SE2d 233) (1977). It follows that the trial court correctly denied appellant's motion to strike.

*Judgments affirmed. Judge Arnold Shulman concurs. Beasley, J., concurs in Division 1 and in the judgment.*

DECIDED JANUARY 28, 1992.

*L. Eddie Benton, Jr.*, for appellant.
*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.