A97A1269. CAMMON v. THE STATE.
(490 SE2d 529)

BLACKBURN, Judge.

Rodney L. Cammon appeals his convictions of two violations of the Georgia Controlled Substances Act for possession of marijuana and possession of marijuana with the intent to distribute.[1] Cammon contends he was denied his right to a fair trial because he was given prejudicial advice by his co-defendant's counsel and because his character was improperly placed into evidence.

1. Cammon represented himself at trial.[2] He does not allege any error with regard to his right to represent himself or with regard to ineffective assistance of counsel, but he contends that he was denied a fair trial after his co-defendant's attorney discouraged him from taking the stand in his own defense. Cammon's enumeration is without merit.

At the beginning of the trial, the co-defendant's attorney informed Cammon and the trial court that his client's interest was adverse to Cammon's interest. After the State presented its case, the judge explained Cammon's right to testify by stating "you are entitled to take the stand and be a witness and testify if you so desire. You also have the right not to take the stand and testify. If you take the stand and are sworn, then the District Attorney has the right to cross-examine you. If you do not take the stand and testify, obviously, he does not have the right to ask you any questions. If you do not take the stand and do not testify, then the jury — if you request me, will be instructed that they cannot consider that against you in any way whatsoever." Cammon then responded that he did not want to take the stand and testify. At the hearing on his motion for new trial, Cammon testified that he asked his co-defendant's lawyer

---

[1] The trial court directed a verdict as to the possession of drug-related objects.

[2] Although Cammon did not qualify for a court-appointed attorney, the trial court required an attorney to assist Cammon only in jury selection. Cammon is represented by counsel on appeal.

whether he should testify, and the lawyer advised him "that it wouldn't be best for [him] to testify, cause it would open back up evidence on [the co-defendant]." Cammon further testified that he realized the lawyer represented the co-defendant and that he did not have to follow the lawyer's advice. On these facts, we find no error. See *Livingston v. State*, 221 Ga. App. 563, 570-571 (3) (472 SE2d 317) (1996) (defendant not denied right to testify in his own behalf when he never expressed desire to testify to court).

2. In his second enumeration of error, Cammon asserts that his character was improperly placed into evidence. However, the record reflects that Cammon did not object at trial. By his failure to object, any error in allowing the testimony was waived. See *Terry v. State*, 224 Ga. App. 157, 160 (2) (480 SE2d 193) (1996). Cammon is not held to a different or more lenient standard in this regard merely because he elected to proceed pro se. One who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 30, 1997.

*Gale & Henley, Teddy L. Henley*, for appellant.
*Tambra P. Colston, District Attorney, Martha P. Jacobs, Assistant District Attorney*, for appellee.