A98A0593. REVIERE v. THE STATE.

(498 SE2d 332)

BLACKBURN, Judge.

Ralph Reviere appeals from his convictions of five counts of selling cocaine, asserting numerous errors. For the reasons discussed below, we affirm.

1. Reviere contends the trial court erred in allowing him to discharge his appointed counsel and proceed pro se, arguing that he did not validly waive the right to counsel. "In determining whether or not an accused has adequately waived his right to counsel and elected to exercise his constitutional right to represent himself, the courts will apply the standard set forth in *Johnson v. Zerbst*, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1937). . . . A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege.

The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." (Citation and punctuation omitted.) *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981).

After the jury was struck but before opening statements, Reviere's appointed counsel informed the court that Reviere wanted him to withdraw. Reviere confirmed that he wished to discharge counsel and represent himself. The judge asked Reviere if he understood that the benefit of counsel was a very valuable right, and Reviere responded that he did. The court asked if Reviere understood that there would be times during trial that an attorney skilled in the law would be beneficial to him, and Reviere replied that he did. The judge informed Reviere on several occasions that he had a constitutional right to counsel, and Reviere confirmed that he wished to represent himself. The judge then allowed Reviere's appointed counsel to withdraw.

On appeal, following conviction, Reviere contends that his waiver of the right to counsel was invalid. He relies on cases such as *Kirkland v. State*, 202 Ga. App. 356 (414 SE2d 502) (1991), where we have held that "[i]n order to establish a valid waiver, a trial judge must investigate as long and as thoroughly as the circumstances of the case before him demand. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter." (Punctuation omitted.) Id. at 357-358. Reviere contends that the trial court's dialogue did not meet this standard, and that the waiver was therefore invalid.

This contention is without merit. There is no magic language that must be used by a trial judge in determining that a defendant has made a valid waiver of his right to counsel. Rather, such determination must depend upon the particular facts and circumstances of each case. *Clarke*, supra; *Rutledge v. State*, 224 Ga. App. 666 (482 SE2d 403) (1997). The judge's questions to Reviere were designed to determine whether Reviere understood the benefits of experienced counsel and the dangers of proceeding pro se. Reviere's responses were clear and unambiguous and indicated that he understood these risks and benefits. Moreover, Reviere admitted at the motion for new trial hearing that he had discussed his desire to represent himself with his appointed attorney before the attorney requested to withdraw. The attorney testified that he advised Reviere that it was not

in his best interest to represent himself, but that Reviere insisted on doing so.

Our laws governing criminal procedure are designed to ensure that defendants receive a fair trial. Defendants are free to waive the protections provided by such laws, assuming all the risks attendant thereto. A defendant is not free, however, to play one right against another with the hope of creating error. Neither may a defendant who has knowingly waived counsel then complain of a lack of counsel when he determines that the judge's warnings were valid. Under such circumstances, the defendant's problems are of his own making, and he is bound by his poor choices.

The charges against Reviere were straightforward, alleging that he sold cocaine on five separate occasions. Although the judge did not specifically advise Reviere of the possible sentences he faced, Reviere admitted at the hearing on his motion for new trial that he had understood he was facing a life sentence if convicted. He also admitted that he made the choice to represent himself after discussing the matter with his attorney. Reviere's extensive examination and cross-examination of witnesses during trial showed that he understood the nature of the charges against him. His questioning further reflected that his primary defense strategies were to claim misidentification, to attack the State's witnesses' credibility, and to bring out facts showing that he was not personally involved in some of the sales. Reviere's appellate counsel has not identified any other defenses of which Reviere was unaware when he elected to proceed pro se.

"Thus, the trial transcript clearly indicates that defendant was not denied the right to counsel by the trial court, but instead knowingly, understandingly and voluntarily elected to represent himself. . . . Under the circumstances of this particular case, we find no error requiring a reversal of the conviction." (Punctuation omitted.) *Rutledge*, supra at 670 (3).

Moreover, even had the trial court erred in allowing Reviere to represent himself, any such error was harmless beyond a reasonable doubt. The State's evidence and Reviere's defenses were straightforward, and Reviere conducted a vigorous cross-examination of the State's witnesses. The evidence against Reviere was overwhelming, consisting primarily of eyewitness testimony from several different witnesses that Reviere had personally sold or facilitated the sale of cocaine to them. Although appellate counsel identifies certain instances in which Reviere's questioning was less than artful, counsel has not shown how these few instances affected the jury's verdict. Viewing the evidence as a whole, and in light of the overwhelming evidence of Reviere's guilt, "it is unlikely that defendant's convictions were attributable to his decision to represent himself." (Punctuation omitted.) *Rutledge*, supra at 671.

2. Reviere also contends that the trial court erred in failing to require his discharged counsel to remain in the courtroom to advise Reviere during the course of the trial. This contention is without merit. Although trial courts often require appointed counsel to remain in the courtroom as standby counsel after a defendant has elected to proceed pro se, there is no requirement that they do so. A criminal defendant has the right to be represented by counsel, and has the right to represent himself, but does not have the right to represent himself and also be represented by an attorney. *Maddox v. State*, 218 Ga. App. 320, 321 (1) (461 SE2d 286) (1995). Thus, a defendant who has invoked his constitutional right to represent himself cannot assert error in the trial court's failure to require his discharged attorney to remain, in effect, as the defendant's co-counsel.

3. In two enumerations, Reviere contends that the trial court erred in considering a 1989 conviction for sale of cocaine in aggravation of his sentence. First, he claims that the State failed to provide notice of the conviction prior to trial. However, Reviere failed to object or otherwise raise this issue when the State introduced the conviction in the sentencing phase and thus waived the right to assert this issue on appeal. See *Williams v. State*, 165 Ga. App. 553, 554 (3) (301 SE2d 908) (1983); *Moss v. State*, 159 Ga. App. 317, 319 (283 SE2d 275) (1981). Moreover, a certificate of service contained in the record indicates that the State in fact served Reviere's attorney with the conviction prior to trial. Although Reviere points out that this certificate was not filed with the court until the day of trial, after he had dismissed his attorney, the certificate reflects that service was made several days earlier while Reviere was still represented by counsel. Reviere's attorney testified at the motion for new trial hearing that he recalled receiving notice from the State. Accordingly, this enumeration is without merit.

Reviere also contends that the 1989 conviction was not final because he filed a motion for new trial in such case that was never ruled upon. However, Reviere never raised this issue before the trial court, either at the sentencing hearing or in his motion for new trial. Moreover, there is nothing in the appellate record to support his claim that the 1989 conviction was not final. Therefore, this enumeration is without merit.

4. Reviere contends that the court erred in sentencing him to five consecutive life sentences. Although he admits that the sentences were within the permissible limits, he claims the trial court erred in failing to exercise its discretion to impose nonconsecutive sentences. "A sentence is not unconstitutionally cruel and unusual if it is within the statutory limit. This court is without authority to review sentences within the statutory range." (Citation and punctuation omitted.) *Trammell v. State*, 196 Ga. App. 540, 542 (3) (396 SE2d 286)

(1990). "The sentence in this case was within the statutory limits, and any complaints regarding the sentence should have been addressed to the appropriate sentence review panel." (Citation and punctuation omitted.) *Williams v. State*, 208 Ga. App. 716 (1) (431 SE2d 469) (1993).

5. Officer William Gregory testified that he identified Reviere from a photographic lineup shown to him by another officer. On cross-examination, Reviere asked Gregory if the photographs were "[p]ictures that they take at the jailhouse, or pictures that were took where I was out on the street, or somewhere? What type of pictures you talking about?" Gregory responded that he believed the picture of Reviere had been taken when he was arrested for a previous cocaine sale. Although Reviere did not object to this testimony, he contends on appeal that the trial court erred by failing sua sponte to intervene to prevent the officer from placing Reviere's character into evidence. This contention is without merit. "[Reviere] is not held to a different or more lenient standard in this regard merely because he elected to proceed pro se. One who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law." *Cammon v. State*, 227 Ga. App. 774, 775 (2) (490 SE2d 529) (1997). By inviting the witness' response and failing to object or seek corrective action, Reviere waived this issue for purposes of appeal.

6. In his final enumeration, Reviere contends that there was insufficient evidence to support his convictions on two of the five counts. "On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys a presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Punctuation omitted.) *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489) (1997).

Reviere contends the evidence was insufficient to support his conviction on Count 1, which related to a sale of cocaine on February 4, 1992. Undercover Officer Dennis Piper testified that, on January 22, 1992, he had purchased a quantity of cocaine from Reviere. On February 4, he again met with Reviere and asked if he could obtain some more crack cocaine. Reviere stated that, if Piper gave him $5, he would take Piper to a place where he could purchase the cocaine. Reviere then got into Piper's car and directed him to another street.

Reviere got out of the car and spoke to another man, who came over and sold a quantity of cocaine to Piper.

Reviere also contests the sufficiency of the evidence with respect to Count 4, which related to a cocaine sale on January 9, 1992. Undercover Officer David Hill testified that, on that date, he asked Reviere if he could buy $20 worth of crack cocaine. Reviere stated that he did not have the cocaine, but that another individual down the street had it. Reviere told Hill and his companion to wait in their car "because he didn't know if the other subject would sell to two white boys." Reviere then walked over to where two other individuals were standing. A few seconds later, one of these individuals, Walter Beckham, waved to Hill to come down to where he and Reviere were standing. Hill drove down toward them, and Beckham sold Hill $20 worth of cocaine.

Hill also testified regarding another incident on January 15, 1992, in the same area. He approached an individual named Ross Ausbrooks and asked to buy $20 worth of cocaine. Ausbrooks told Hill to drive around the block. After Hill circled the block, Reviere approached his car and sold him $20 worth of cocaine.

Although Reviere did not personally sell the cocaine to the undercover officers on January 9 and February 4, the evidence was clearly sufficient to enable a rational trier of fact to find that he was a party to the crime in both instances. While mere presence at the scene of a crime is not sufficient to authorize a conviction, Reviere's conduct went beyond mere presence and authorized the jury to find that he actively facilitated the sales. See *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556) (1997). In addition, the jury was entitled to consider the other transactions in which Reviere personally sold the cocaine as evidence of his intent. See *Woods v. State*, 224 Ga. App. 52, 55 (4) (479 SE2d 414) (1996). Accordingly, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 12, 1998 —
RECONSIDERATION DENIED MARCH 19, 1998

*Lindsey & Jacobs, Tamara Jacobs*, for appellant.
*William T. McBroom III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.