## A98A1965. ANTHONY v. THE STATE.
(511 SE2d 612)

RUFFIN, Judge.

A jury found Michael Alphonso Anthony guilty of burglary, robbery, and criminal trespass. Anthony appeals from the trial court's denial of his motion for new trial, asserting numerous grounds. Because each of these assertions is without merit, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that on August 10, 1996, the victim was asleep in his bed when he heard a thud and awoke to find Anthony standing in his living room with a cigarette lighter lit beneath his face. After the victim turned on his bedroom light, Anthony told him that he had run out of gas and needed money. The victim gave him some pocket change and a gas can; however, Anthony would not leave, but continued to ask the victim for various things and rifled through the victim's belongings. The victim testified he was scared that Anthony had a gun or a knife because Anthony kept his hand in his pocket during the entire ordeal. The victim managed to leave his apartment, lock Anthony inside with a padlock, and contact the police. When he returned with

the police, the victim discovered that Anthony had escaped and that his bedroom window had been torn out.

Later that same day, the victim contacted the police after he "asked around" and learned that the robber "sounded like Michael Anthony." The police took the victim to Anthony's apartment and brought Anthony outside, and the victim identified him as the robber. At trial, the victim also positively identified Anthony as the man who broke into his apartment and robbed him. Anthony, testifying on his own behalf, denied committing these crimes.

1. Anthony contends that the evidence was insufficient to support his convictions because the convictions were based solely on the victim's pretrial, one-on-one identification that was impermissibly suggestive. However, Anthony "raises this issue for the first time on appeal. He did not object to the victim['s] identification testimony below or ask the trial court to rule on its admissibility. He has therefore failed to preserve this issue for appeal." *Johnson v. State*, 213 Ga. App. 194, 195 (2) (444 SE2d 334) (1994); see also *Matchett v. State*, 190 Ga. App. 227 (2) (378 SE2d 404) (1989).

In fact, Anthony himself elicited the very testimony of which he now complains. On cross-examination of the victim, Anthony's attorney asked, "You could identify somebody, couldn't you?" In response, the victim described for the first time his one-on-one identification of Anthony after the police took him to Anthony's apartment. Rather than objecting to this identification testimony, Anthony continued to question the victim about it in detail. Thus, in concluding that Anthony has waived his right to appeal this issue, we note the oft-repeated rule in Georgia that "a party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." (Punctuation omitted.) *Noble v. State*, 220 Ga. App. 155, 158 (2) (469 SE2d 307) (1996). The evidence, including the victim's in-court identification of Anthony, was sufficient to support the convictions. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Anthony also maintains that the trial court erred in allowing the State to introduce improper character evidence during his cross-examination. After the State's cross-examination, Anthony asked the judge whether he could "say something." Upon the judge's admonition to consult with his lawyer, and after his lawyer told him to "please go ahead," Anthony stated, among other things, that "I'm a good man. I work every day, and I work hard. Every time it seem like I try to come up, something always pull you down. But I'm a good black man. I'm a proud black man. There no problem there." On recross, the State, without any objection from Anthony, introduced evidence of his numerous prior convictions, including possession of a firearm by a convicted felon, entering an automobile with the intent

to commit a theft, two burglaries, and three counts of forgery.[1]

"It is well-settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection. It is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised." (Punctuation omitted.) *Davitt v. State*, 232 Ga. App. 427 (1) (502 SE2d 300) (1998). Since the record reflects that Anthony failed to object to the State's introduction of character evidence, he waived any error. See *Cammon v. State*, 227 Ga. App. 774, 775 (2) (490 SE2d 529) (1997). Moreover, even had Anthony preserved this alleged error for appeal, it is permissible for the State to introduce evidence of a defendant's "bad" character when the defendant himself declares himself "a good man." "Once the character door is opened, it is opened for all evidence that bears on the defendant's character — convictions of crimes, guilty and nolo contendere pleas, juvenile offenses, and incidents which illustrate the defendant's character." (Punctuation omitted.) *Phillips v. State*, 171 Ga. App. 827, 828 (2) (321 SE2d 393) (1984).

3. Anthony next asserts as error the trial court's failure to merge his burglary and criminal trespass convictions during the sentencing phase. However, Anthony "did not object in the trial court to the sentences imposed nor contend that the offenses merged. Thus the matter was not preserved for appellate review."[2] (Punctuation omitted.) *Wright v. State*, 233 Ga. App. 358, 362 (4) (504 SE2d 261) (1998); see also *Alonso v. State*, 190 Ga. App. 26, 30 (7) (378 SE2d 354) (1989).

In any event, the burglary conviction was based on Anthony's breaking into the victim's home to rob him, and the criminal trespass conviction was based on Anthony's breaking the victim's window. Thus, "the two offenses do not merge as a matter of law where, as here, [there were] separate incidents, . . . different actions, [and] different specific objectives." (Punctuation omitted.) *Millines v. State*, 188 Ga. App. 655, 657 (2) (373 SE2d 838) (1988).

4. Finally, Anthony contends that the trial court denied him sufficient time to review the State's proffer of his prior convictions,

---

[1] In his brief, Anthony contends that he did object to the State's use of character evidence during his cross-examination; however, our review of the record reveals that Anthony objected only to the prosecutor's comment that "I'll tell you right now, I prosecute white, black. I don't care what color they are." In fact, Anthony's attorney specifically stated that he had no objections to the trial court's admission of Anthony's prior convictions during the State's cross-examination regarding his character.

[2] During the jury charge conference, Anthony's counsel stated that, "We would also likewise ask that if a verdict is returned for the offense of burglary, I think robbery and trespass may merge into burglary." The trial judge declined to address this issue at that time, stating that he wished to wait until the jury returned its verdict. Anthony's counsel did not raise the issue again.

which were used in aggravation of his sentence. Although Anthony raised this objection during the jury charge conference, he "failed to object or otherwise raise this issue when the State introduced the conviction[s] in the sentencing phase and thus waived the right to assert this issue on appeal." *Reviere v. State*, 231 Ga. App. 329, 332 (3) (498 SE2d 332) (1998); see also *Head v. State*, 233 Ga. App. 655, 657 (3) (a) (504 SE2d 499) (1998).

In any event, Anthony's contention that he did not receive timely notice prior to trial is without merit. Anthony concedes that the State gave him copies of the prior convictions it intended to use in aggravation the day before his trial began. "Receipt by appellant's counsel, prior to jury selection, of notice of the State's intent to use the prior conviction[s] in aggravation of any sentences imposed in this case was timely notice pursuant to OCGA § 17-10-2." (Punctuation omitted.) *Godfrey v. State*, 227 Ga. App. 576, 577 (1) (489 SE2d 364) (1997).

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 5, 1999.

*Thomas R. Morgan, Jr.*, for appellant.
*Peter J. Skandalakis, District Attorney, Rudjard M. Hayes, Kevin W. Drummond, Assistant District Attorneys*, for appellee.