## A02A0557. ROGERS v. THE STATE.
(565 SE2d 583)

MILLER, Judge.

Jabar Rogers appeals from his convictions for robbery and armed robbery. On appeal he contends that (1) the evidence was insufficient to sustain the convictions and (2) a photo identification that took place at the scene of the armed robbery was improper. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that when Georgia Wallace arrived at her home with a friend late one night, she discovered Rogers standing in the doorway. Wallace's front porch lights were on, as well as the lights inside her home, and she was able to get a good look at him. Wallace yelled at him to leave. Rogers then snatched Wallace's cigarette case, which resembled a wallet, and ran away.

Later that same night, Carey Hobbs and others were leaving a pub where he worked that was located within a mile of Wallace's home. After closing the pub for the night, Hobbs was carrying a money bag, which contained between $4,000 and $5,000. As Hobbs

and his companions entered the pub's parking lot, Rogers's co-defendant rushed toward them while firing a gun and ordering them to give him whatever they had. Rogers was standing nearby, also carrying a gun. As Hobbs ran away from the co-defendant, Rogers fired his gun at Hobbs. The co-defendant overtook Hobbs, grabbed the money bag, and gave it to Rogers. Rogers ran away from the scene with the money bag still in hand, and the co-defendant attempted to escape in Rogers's car.

Hobbs chased Rogers, and at one point during the chase Rogers's bandanna fell from his head. As Rogers turned around to retrieve his bandanna, Hobbs viewed his face and hairstyle.

The police stopped the co-defendant in Rogers's car about a block away from the pub. Upon searching the car, the police found Rogers's wallet, which contained his driver's license. The police then showed the driver's license to Hobbs, who identified the man on the license as the same man who shot at him and whom he chased. At trial this identification was admitted without objection from Rogers. Rogers's co-defendant gave a statement to police implicating Rogers and identified Rogers at trial as the other man who robbed Hobbs. Wallace and her friend also identified Rogers at trial as the man who stole Wallace's cigarette case.

The jury found Rogers guilty of robbery, armed robbery, and false report of a crime. Rogers appeals from his convictions for robbery and armed robbery.

1. Rogers contends that the evidence was insufficient to sustain his convictions for robbery and armed robbery. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(a) A person can be found guilty of robbery "when, with [the] intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden snatching." OCGA § 16-8-40 (a) (3).

Wallace and her friend testified that Rogers was in Wallace's doorway, and Wallace had her finger in his face, when Rogers snatched Wallace's cigarette case. The evidence sufficed for the jury to conclude that Rogers snatched the cigarette case from Wallace's person or immediate presence, justifying a guilty verdict for robbery. OCGA § 16-8-40 (a) (3); see also *Lawson v. State*, 224 Ga. App. 645-646 (1) (481 SE2d 856) (1997) (" 'In order to prove a case of robbery by

suddenly taking or carrying away the property of another without his consent, it is only necessary to show that the person robbed was conscious that something was being taken away from him, and that for any reason he was unable to prevent it. . . .' [Cit.]").

(b) Armed robbery occurs when a person commits a robbery "by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a).

The evidence reveals that Rogers fired a gun at Hobbs and took a bag from him containing $4,000 to $5,000. Hobbs, who viewed Rogers's face and hairstyle as Rogers turned to face him while running away, identified him at the scene of the crime by looking at Rogers's driver's license. He also identified Rogers at trial. All of this evidence corroborated Rogers's co-defendant's testimony that Rogers was the man who participated in robbing Hobbs at gunpoint. The evidence was sufficient to sustain the conviction. See *House v. State*, 237 Ga. App. 504, 505 (1) (515 SE2d 652) (1999).

2. Rogers argues that the driver's license identification of him on the night of the robbery was improper. However, Rogers failed to object to the admission of this identification at trial and has therefore presented nothing for this court to review. See *Anthony v. State*, 236 Ga. App. 257, 258 (1) (511 SE2d 612) (1999).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 16, 2002.

*John R. Mobley II*, for appellant.

*J. Gray Conger, District Attorney, Michele C. Ivey, Assistant District Attorney*, for appellee.