COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, McClanahan and Senior Judge Bumgardner
Argued at Richmond, Virginia


JOHN ROSS SMITH

                                                      MEMORANDUM OPINION* BY
v.        Record No. 0896-07-2                JUDGE RUDOLPH BUMGARDNER, III
                                                           MAY 20, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF HANOVER COUNTY
                          John Richard Alderman, Judge

          Anthony G. Spencer for appellant.

          Rosemary V. Bourne, Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        John Ross Smith appeals the denial of his motion to reduce the remaining period of a

suspended sentence. The trial court ruled it lacked jurisdiction to entertain the motion. We concur

with the ruling and affirm.

        The defendant was convicted of (1) possession of more than five pounds of marijuana with

the intent to distribute and (2) conspiracy to distribute marijuana. On December 4, 1990, he was

sentenced to ten years to serve on the first charge and to thirty years suspended in full for thirty

years on the second charge. He fully satisfied the first sentence. On April 16, 2006, he was

released from supervised probation on the conspiracy charge and filed this motion to reduce the

balance of his suspension on March 21, 2007. He contends the trial court had jurisdiction under

Code §§ 19.2-303 and 19.2-306.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Code § 19.2-303 permits a trial court to modify a sentence if the felon has not been transferred to a receiving unit of the Department of Corrections.[1] The defendant maintains the trial court can modify the fully suspended sentence of the conspiracy conviction because he was never transferred to the Department of Corrections.

The defendant received a fully suspended sentence and was not going to be transferred to the Department of Corrections at any time after his sentencing. Patterson v. Commonwealth, 39 Va. App. 610, 620, 565 S.E.2d 583, 588 (2003), specifically addressed this situation as follows:

> While Code § 19.2-303 permits the trial court to retain jurisdiction beyond the twenty-one-day limit of Rule 1:1 to shorten the previously imposed period of incarceration while the defendant remains incarcerated "but has not actually been transferred to a receiving unit of the Department [of Corrections]," it does not authorize the court to retain jurisdiction to modify the previously imposed period of suspension of sentence.

Code § 19.2-303 did not empower the trial court to modify the defendant's suspended sentence.

The defendant also maintains that Code § 19.2-306 provided the trial court the authority to shorten his suspended sentence.[2] That provision gives a sentencing court the power to

---

[1] Code § 19.2-303 provides:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence. The court may place the person on probation for such time as the court shall determine.

[2] Code § 19.2-306 provides:

> In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court.

"respond to a violation of the conditions of a suspended sentence[.]" Peyton v. Commonwealth, 268 Va. 503, 509, 604 S.E.2d 17, 19 (2004). It predicates the trial court's authority upon a revocation of the suspended sentence. "Code § 19.2-303 permits the trial court, after conviction, to suspend all or part of a sentence and to place the defendant on probation . . . . Code § 19.2-306 addresses the trial court's authority to respond to a violation of those conditions by the defendant and permits it to revoke the suspended sentence . . . . " Id. at 508, 604 S.E.2d at 19.

Code § 19.2-306 does not empower the trial court to enlarge or modify an original sentence. See Robertson v. Super. Of the Wise Corr. Unit, 248 Va. 232, 236, 445 S.E.2d 116, 118 (1994) ("While the trial court . . . retained power under Code § 19.2-306 to revoke the suspension of those sentences . . . the court had no authority to lengthen the period of incarceration."). See also Conner v. Commonwealth, 207 Va. 455, 457, 150 S.E.2d 478, 479 (1966) (judgment reversed on the ground that trial court "did not have the right or power . . . after the orders had become final, to change the sentences and require that two of them should run consecutively").

The plain language of Code § 19.2-306 authorizes the trial court to revoke a suspended sentence for good cause but not to modify the original sentence. The text is clear and unambiguous and "'courts are bound by the plain meaning of clear statutory language.'" Campbell v. Harmon, 271 Va. 590, 598, 628 S.E.2d 308, 312 (2006) (quoting Crawford v. Haddock, 270 Va. 524, 528, 621 S.E.2d 127, 129 (2005)).

Code § 19.2-306 applies when a suspended sentence is revoked, which is not the situation in this case. Reinke v. Commonwealth, 51 Va. App. 357, 368, 657 S.E.2d 805, 811 (2008). The

trial court properly concluded it lacked jurisdiction under Code § 19.2-306 to entertain the

defendant's motion.

<u>Affirmed.</u>