## A97A1503. JAMES v. THE STATE.
(490 SE2d 556)

BLACKBURN, Judge.
Leroy Avon James appeals his conviction for selling cocaine, con-

testing the sufficiency of the evidence and contending that the court erred in allowing evidence of his sentence for a prior conviction. For the reasons set forth below, we affirm.

1. Jones contends that the court erred in denying his motions for directed verdict. "The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction." (Citation and punctuation omitted.) *Carter v. State*, 222 Ga. App. 397 (1) (474 SE2d 228) (1996). "On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." (Citation and punctuation omitted.) *West v. State*, 224 Ga. App. 190 (1) (480 SE2d 238) (1997).

Viewed in the light most favorable to the prosecution, the evidence showed as follows. Officer Michael Murphy of the Savannah Police Department testified that, on September 17, 1993, he was on an undercover operation to buy drugs. He testified that James, who was with another individual, waved at him as he was circling in his car. Both individuals came toward the car, and James asked Murphy what he wanted. Murphy replied that he wanted "a twenty," meaning a small rock of crack cocaine. James told Murphy to go around the corner and park his car. After he parked his car, Murphy saw the two individuals emerge from between two houses. James handed something to his companion, Holmes, who walked over to the car. Murphy handed Holmes a $20 bill, and Holmes gave him the piece of crack cocaine. Holmes walked over to James and handed him the money, and the two then walked away together.

In addition to this testimony, the State presented evidence of a prior similar transaction in which James pled guilty to possession of cocaine, as well as another transaction in which he pled guilty to selling cocaine.

Under OCGA § 16-2-20 (b) (3), a person is a party to a crime if he "[i]ntentionally aids or abets in the commission of the crime." "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Punctuation omitted.) *Woods v. State*, 224 Ga. App. 52, 55 (4) (479 SE2d 414) (1996). Viewed in the light most favorable to the verdict, the evidence was sufficient to enable the jury to find James

guilty beyond a reasonable doubt of the offense charged.

2. With respect to the similar transaction evidence, James contends the court erred in failing to redact the sentences he received from the certified copies of his convictions. " 'We share appellant's concern here that the sentence in a prior offense does not show motive, intent, scheme, and bent of mind; however, appellant must show not only error but harm. (Cits.)' *Groble v. State*, 192 Ga. App. 260 (2) (384 SE2d 281) (1989). While the better practice is to not admit the sentence in a prior offense where a similar transaction is involved, in this case it seems 'highly probable' that the admission of the sentence did not contribute to the verdict. See *Groble*, supra." *Hunt v. State*, 204 Ga. App. 799, 800-801 (2) (b) (420 SE2d 656) (1992).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED AUGUST 5, 1997.

*Stephen R. Yekel*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.