## A00A1323. WHITE v. THE STATE.
### (538 SE2d 797)

ANDREWS, Presiding Judge.

Susque White appeals from the judgment entered after a jury found him guilty of burglary. White claims that the evidence was insufficient to support the verdict, that his trial counsel was ineffective, and that the trial court erred in refusing to grant a mistrial and in allowing a "crack pipe" into evidence. Because there was no reversible error, we affirm.

The evidence at trial, taken in the light most favorable to support the verdict, was as follows. Bobby Daley and John Napier were staying at the Radisson Inn while they worked there laying new carpet. One evening, the two went back to Daley's room and, when they opened the door, saw a strange man standing in the bathroom. Daley testified that the man had a bag packed full of his belongings. The man, identified at trial as defendant White, ran out of the room, and Daley chased him. When Daley caught White, he knocked him down and held him until a security man arrived. Daley testified that White had taken two bottles of cologne, a Sony PlayStation, clothes, and CDs.

White testified in his own defense. He stated that he met someone staying at the hotel and they started discussing drugs. The man said he wanted some drugs, and White agreed to bring him some cocaine. White said the man had no money to pay for it, so he took him up to a room in the hotel and told White he could take the Sony PlayStation, some cologne, clothes, and CDs. White said he filled a bag with the man's belongings and also stuffed a lot of them under his jacket. White stated that the man left to find some men to buy the rest of the cocaine and, while he was gone, Napier and Daley came into the room. White told Napier and Daley that he had purchased the items from their "roommate." When Daley said that he had no roommate, White claims he told them he did not want any trouble and tried to give back the bag. White said he left the room to go look for the man who bought the cocaine from him, not because he was running away.

1. The evidence was sufficient to support the verdict.

On appeal from a criminal conviction, the evidence must be

viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover[,] an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. *Howard v. State,* 261 Ga. 251, 252 (403 SE2d 204) [(1991)]; *King v. State,* 213 Ga. App. 268, 269 (444 SE2d 381) [(1994)].

*Dolphus v. State,* 218 Ga. App. 565, 566 (462 SE2d 453) (1995). The jury, assessing the weight of the evidence and the credibility of the witnesses, chose not to believe White's explanation of why he was taking the articles in Daley's room. See *Weems v. State,* 267 Ga. 182, 183 (476 SE2d 585) (1996).

2. Next, White claims the trial court erred in refusing to grant his motion for mistrial. During trial, White told the court that after he remarked to one of the officers at the jail that another officer's wife was on his jury, she said she would be sure to call that officer and tell him to have his wife find White guilty. The court immediately requested that the officers involved be brought to court and questioned. The evidence was that the officer never discussed the case with his wife. The wife who was serving on the jury was brought in and asked whether she had discussed the case with anyone or been approached by anyone about the case. She replied that she had not. Because the uncontroverted evidence showed that no phone call was ever made and no one discussed the case with any juror, the trial court did not abuse its discretion in denying the motion for mistrial. See *Isaac v. State,* 269 Ga. 875, 877 (505 SE2d 480) (1998) (whether to grant a motion for mistrial lies within the sound discretion of the trial judge and will not be disturbed on appeal absent a showing of abuse of discretion).

3. White also claims the trial court erred in allowing into evidence a "crack pipe" found at the scene. White argues that the pipe was immaterial to the case and left the jury with the impression that he was an habitual drug user.

This enumeration is without merit because White volunteered the information that he smoked crack and was involved in selling drugs. He denied the crack pipe was his, not because he did not smoke crack, but because a crack pipe was something that you "don't carry . . . with you out there on the streets." Therefore, White can show no harm from the court's decision to allow the pipe into evidence.

4. In his last enumeration of error, White argues that his trial counsel was ineffective for failing to object to the admission of evi-

dence in aggravation of the sentence. This evidence consisted of numerous prior convictions, all based on guilty pleas. White does not state what objection should have been made, only that counsel was ineffective for failing to make it. White also claims that counsel was ineffective for failing to object to the voluntariness of the pleas. Again, he makes no claim that the pleas were not voluntary, only that counsel should have raised the issue.

"To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984)." *Gross v. State*, 262 Ga. 232, 233-234 (1) (416 SE2d 284) (1992). The test is whether there is a reasonable probability the jury would have reached a different verdict absent the error of counsel. Id.

In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990). Further, White must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66, 69 (8) (410 SE2d 173) (1991).

When introducing evidence of prior convictions based on guilty pleas, the burden is no longer on the State to prove the plea was voluntarily made. *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999). The State must initially prove only the existence of the prior guilty plea and that defendant was represented by counsel in all felony cases and all misdemeanor cases resulting in imprisonment. Id. The burden then shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity when the plea was taken. Id. Thus, in order to prove ineffective assistance on this issue, White must show that there was some irregularity when the pleas were taken, that he informed counsel of this, and counsel failed to make an objection. Because White fails to advance any reason why the convictions should not have been introduced, counsel was not ineffective for failing to object to them.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 30, 2000.

*Diane M. McLeod*, for appellant.
*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney*, for appellee.