## A01A0534. WHEELER v. THE STATE.
(547 SE2d 746)

MILLER, Judge.

Within 30 days of being released from jail where he had served a sentence for possession of cocaine, Angelo Lopez Wheeler sold cocaine to an undercover officer. Based on the officer's testimony and on an audiotape recording of the transaction, a jury found Wheeler guilty of selling cocaine in violation of OCGA § 16-13-30 (b).[1] Since Wheeler had two prior felony convictions for possessing cocaine and for possessing cocaine with intent to distribute, the court sentenced him to life in prison.[2]

Wheeler raises two issues on appeal. He claims first that the court erred in denying his motion for mistrial which he made when the prosecutor failed to give adequate race-neutral grounds for striking the only African-American on the jury panel. The record reflects that adequate race-neutral grounds were given. Second, he argues that the court erred in considering his two prior drug convictions because they were based on guilty pleas which the State failed to show were made voluntarily. Since Wheeler failed to object to the introduction of his prior convictions, he waived this issue. Accordingly, we affirm.

1. Wheeler, who is African-American, objected when the State used one of its six peremptory strikes to exclude the only African-American on the jury panel. He asked that the juror be placed on the jury. In response, the State gave two reasons for the strike. First, the juror stated he did not want to serve on the jury because it would cause him problems at work. Second, the juror testified that his religious convictions would make it difficult for him to sit in judgment of another. The State explained that it believed these issues would distract the juror from fulfilling his duty. Without inviting further reply

---

[1] The jury also found Wheeler guilty of possessing cocaine with the intent to distribute and guilty of possession of cocaine, which counts merged into the sale of cocaine count at sentencing.

[2] See OCGA § 16-13-30 (d).

by Wheeler, the court denied the motion to place the juror on the jury. Wheeler then moved for a mistrial on his stated ground, which the court denied.

On appeal, Wheeler complains that the reasons given by the State were not race-neutral. An explanation based on something other than the race of the juror is race-neutral unless a discriminatory intent is inherent in the explanation.[3] Such explanation is not race-neutral if it is based on a characteristic peculiar to any race or on a stereotypical belief.[4] Here the juror's potential problems at work and his religious convictions regarding judging others were plainly race-neutral.

Once these race-neutral explanations were given, Wheeler continued to bear the burden of persuading the court that the strike was motivated by racially discriminatory intent.[5] Here Wheeler advanced no further argument or evidence. The court found that Wheeler had not carried his burden, which finding is entitled to great deference and will be affirmed unless clearly erroneous.[6] As there was evidence to support the court's ruling, we affirm.

2. Wheeler contends the court erred in sentencing him as a recidivist, arguing the court should not have considered the two prior guilty pleas without first requiring the State to prove that the pleas were given knowingly and voluntarily. Here the State submitted certified convictions of the two prior felony drug offenses, which showed that Wheeler was represented by counsel at both proceedings. Wheeler announced he had no objection to the admission of the certified convictions, which were then admitted. Following argument from counsel, the court sentenced Wheeler to life in prison. Not until his post-judgment motion for new trial did Wheeler for the first time raise any concern about the State showing that the prior guilty pleas were knowing and voluntary.

In noncapital cases, the burden is on the recidivist defendant rather than the State to prove by a preponderance of the evidence that a previous guilty plea was not knowingly and voluntarily entered.[7] The State must initially prove only the existence of the prior guilty plea and that defendant was represented by counsel in all felony cases, and in all misdemeanor cases resulting in imprisonment.[8]

---

[3] *Jackson v. State*, 265 Ga. 897, 898 (2) (463 SE2d 699) (1995), citing *Hernandez v. New York*, 500 U. S. 352, 360 (111 SC 1859, 114 LE2d 395) (1991).

[4] *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996).

[5] *Jackson*, supra, 265 Ga. at 899 (2).

[6] *Turner*, supra, 267 Ga. at 151 (2).

[7] *Nash v. State*, 271 Ga. 281, 284-285 (519 SE2d 893) (1999), applying *Parke v. Raley*, 506 U. S. 20 (113 SC 517, 121 LE2d 391) (1992).

[8] *Nash*, supra, 271 Ga. at 285; accord *White v. State*, 245 Ga. App. 725, 727 (4) (538 SE2d 797) (2000).

Here, Wheeler's prior convictions were admitted without objection or motion to exclude, so the issue whether his guilty pleas underlying the convictions were valid was never raised. In this noncapital case, the State was not required to initiate the inquiry into whether the pleas were in fact entered intelligently, knowingly, and voluntarily.[9] The defendant must raise the issue at or prior to trial or sentencing; a motion for new trial is too late to raise it for the first time.[10] Having waived the matter below, Wheeler is precluded from pursuing it on appeal.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED APRIL 11, 2001.

*Don W. Thompson,* for appellant.

*Herbert E. Franklin, Jr., District Attorney, Jennifer E. Hildebrand, Assistant District Attorney,* for appellee.

---

[9] *Nash,* supra, 271 Ga. at 285.

[10] *Jackson v. State,* 238 Ga. App. 559, 560 (1) (b) (520 SE2d 11) (1999), citing *Fulton v. State,* 232 Ga. App. 898, 901-902 (6) (503 SE2d 54) (1998); accord *Bright v. State,* 265 Ga. 265, 286 (20) (455 SE2d 37) (1995).