## A01A0697. THOMAS v. THE STATE.
### (549 SE2d 408)

MIKELL, Judge.

After a jury trial, Robert Anthony Thomas was convicted of theft by taking.[1] On appeal, Thomas challenges the sufficiency of the evidence and the denial of his motion for a directed verdict. Thomas also argues that the trial court erred by using two panels for jury selection, admitting improper character evidence, accepting a verdict that was not unanimous, and considering uncounseled guilty pleas in the sentencing phase of the trial. Finally, Thomas contends that his trial counsel was ineffective. For the reasons stated below, we affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt.[2]

The standard of review for the denial of a motion for directed verdict of acquittal is the same as that utilized under *Jackson v. Virginia*[3] when the sufficiency of the evidence is challenged.

Construed in the light most favorable to the verdict, the evidence shows that on July 24, 1998, Thomas had permission to use Michelle Smith's car until 3:00 p.m., when he was supposed to pick her up from work. Thomas drove Smith to work that morning, but did not pick her up or return her car. The car was located several days later.

Smith testified that she did not give Thomas permission to keep her car for several days. Smith's son testified that when he last saw the car on the day it was stolen, Thomas was driving it away. Thomas was convicted and sentenced to serve ten years, six in confinement and the remainder on probation.

1. Thomas challenges the sufficiency of the evidence and contends that his motion for directed verdict should have been granted.

---

[1] Thomas was also charged with shoplifting, but the charges were severed, and Thomas subsequently pled guilty to the shoplifting charge.

[2] (Citations and punctuation omitted.) *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556) (1997).

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

We disagree. "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."[4] Although Smith gave Thomas permission to drive her car during the day, she did not give him permission to keep it. Smith's son testified that the last time he saw the car before it was stolen, Smith was driving it. The evidence was sufficient to authorize the jury's finding of Thomas' guilt beyond a reasonable doubt.[5]

2. Thomas argues that the trial court erred by using two jury panels for jury selection. Again, we disagree. OCGA § 15-12-160 provides that the court must impanel 30 jurors from which counsel may strike jurors when a person stands indicted for a felony. If after striking from the panel there are less than 12 jurors to try the case, the statute authorizes the judge to summon as many competent jurors as is necessary to provide a full panel.[6] The record shows that 30 jurors were impaneled in this case, and that from that 30, 11 were chosen for this trial. Subsequently, defense counsel was allowed to voir dire a second panel to complete the jury. Accordingly, the trial court did not err in using two panels to complete the jury.

3. Thomas also argues that the trial court improperly admitted evidence of his character, which error he preserved for appeal through a motion in limine. The record shows, however, that Thomas did not preserve this error for appeal in his motion in limine or at any other time. The evidence in question involved the circumstances of Thomas' arrest.

During the pre-trial hearing on his motion in limine, Thomas referred the court to paragraph 12 of his written motion in limine as the subject for the hearing. Paragraph 12, however, sought the exclusion of statements made by the victim. It did not seek to exclude the circumstances of Thomas' arrest.[7]

Subsequent to the court's ruling on Thomas' motion in limine, the state inquired about the admissibility of the circumstances of Thomas' arrest. Even then, Thomas did not object on the grounds that evidence of the circumstances of his arrest would impermissibly place his character in issue. Instead, Thomas argued that by men-

---

[4] OCGA § 16-8-2.

[5] *Jackson v. Virginia*, supra; *Moore v. State*, 242 Ga. App. 208, 211 (1) (529 SE2d 210) (2000) (conviction for theft by taking affirmed where defendant drove the victim's automobile at night, but had permission to use it only earlier that day).

[6] OCGA § 15-12-160.

[7] Thomas later stated that the basis of his motion in limine was the October 8, 1998 preliminary hearing. The transcript of that hearing, if any, is not included in the record on appeal.

tioning the arrest, the state was attempting to inject evidence of another crime into the case. "To the extent that [Thomas] objected on grounds other than character, his objections do not preserve the character issue for appellate review."[8]

Thomas' next opportunity to preserve this alleged error occurred during the testimony of the arresting officer. Detective David Wood testified that Thomas was arrested on September 11, 1998, in connection with another charge, and during Thomas' booking, the warrant for his arrest on the theft by taking was discovered. Thomas did not object to this testimony. "It is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised."[9] Accordingly, this error is waived.

4. Thomas contends that his conviction must be reversed because the verdict was not unanimous. The record shows that when one of the jurors was asked if she heard the verdict read, whether it was her verdict then, and whether it was her verdict now, she did not give an audible response. However, the record does not show that the juror disavowed the verdict. As the party asserting the error, the burden is on Thomas to show error affirmatively by the record.[10] As to this error, he does not. Furthermore, defense counsel was present at the polling of the jury, but did not object to the lack of a verbal response from the juror. Consequently, there is no reversible error.[11]

5. Thomas asserts that the trial court erred in considering guilty pleas in prior cases because he did not have counsel when he entered the pleas.[12] We disagree.

> When introducing evidence of prior convictions based on guilty pleas, the . . . [s]tate must initially prove only the existence of the prior guilty plea and that defendant was represented by counsel in all felony cases and all misdemeanor cases resulting in imprisonment. The burden then shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity when the plea was taken.[13]

---

[8] (Citation omitted.) *Rupert v. State*, 239 Ga. App. 128, 131 (1) (a) (520 SE2d 695) (1999).

[9] (Citation and punctuation omitted.) *Anthony v. State*, 236 Ga. App. 257, 259 (2) (511 SE2d 612) (1999).

[10] *Turner v. State*, 269 Ga. 392, 393-394 (497 SE2d 560) (1998).

[11] See *Thomas v. State*, 268 Ga. 135, 141 (18) (485 SE2d 783) (1997) (there was no reversible error where one of the jurors was omitted when the jury was polled, but defense counsel failed to object).

[12] We note that Thomas does not challenge the voluntariness of the prior guilty pleas.

[13] (Citations omitted.) *White v. State*, 245 Ga. App. 725, 727 (4) (538 SE2d 797) (2000).

In this case, the trial court considered Thomas' prior guilty pleas on one felony and three misdemeanor charges. Thomas was represented by counsel on the felony charge and on one of the misdemeanor charges, but waived his right to counsel on the other charges. However, none of the pleas resulted in imprisonment. Thus, the state met its burden by proving the existence of the pleas. Thomas, however, did not show any infringement of his rights. Instead, he argues only that the pleas were uncounseled. Under *Nash v. State*,[14] the court did not err in considering the pleas.

6. Finally, Thomas states that he has filed documents arguing that his counsel erred in not allowing him to testify and asking for other counsel on appeal. However, Thomas does not identify these documents. Furthermore, the record shows that appellate counsel was also trial counsel, and that the issue of ineffectiveness is raised for the first time in this appeal.[15] Under these circumstances, the issue of effectiveness of trial counsel is not properly before this Court for consideration.[16]

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MAY 9, 2001.

*Gerald L. Olding,* for appellant.
*Spencer Lawton, Jr., District Attorney,* for appellee.

---

[14] 271 Ga. 281 (519 SE2d 893) (1999).
[15] Thomas filed a motion for new trial, but the claim of ineffective assistance of counsel was not included therein.
[16] *Garey v. State*, 273 Ga. 133, 136-137 (2) (539 SE2d 123) (2000).