## A02A0098. HALL v. THE STATE.
### (556 SE2d 166)

ELDRIDGE, Judge.

William Demetrious Hall challenges his convictions for two counts of aggravated assault (OCGA § 16-5-21 (a) (2)), one count of armed robbery (OCGA § 16-8-41), two counts of forgery in the first degree (OCGA § 16-9-1), and one count of possession of a firearm during commission of a crime (OCGA § 16-11-106). We affirm.

On appeal from a criminal conviction, " 'the evidence must be

viewed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. (Cits.)' " *Sanders v. State*, 236 Ga. App. 578 (512 SE2d 678) (1999). To sustain the conviction, the evidence must be sufficient to authorize the jury to find the defendant guilty of the crime charged beyond a reasonable doubt, *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556) (1997), and "[t]he standard of review for the denial of a motion for directed verdict of acquittal is the same as that utilized under *Jackson v. Virginia*, [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]." *Thomas v. State*, 249 Ga. App. 571 (549 SE2d 408) (2001).

Viewed in the light most favorable to the verdict, *Singleton v. State*, 231 Ga. App. 694 (1) (500 SE2d 411) (1998), the evidence shows that Shanta Patel and ten-year-old Neila Mansure were preparing to depart a Cairo grocery store in the early evening of October 20, 2000, when they were approached by an individual wearing a Halloween mask and brandishing a handgun. The child, the store owner's daughter, testified that the perpetrator began hitting her aunt, Ms. Patel,[1] several times in the stomach while holding the gun on her. Frightened, the child locked herself in her mother's nearby car. The perpetrator then moved to the passenger's side of the car where, at gunpoint, he ordered her out of the vehicle while at the same time attempting to get into the car using his hands. Mansure opened the car door and escaped. The perpetrator then entered the vehicle, grabbed several bags from the backseat, and ran. The store owner, Jenny Patel, testified that the perpetrator got away with $4,362 in cash, five money orders in blank, and an unspecified number of lottery reports. Other evidence introduced by the State established that a latent palm print lifted from the vehicle following the robbery by police matched a known palm print belonging to the defendant; that within several hours of the robbery the defendant had been with a woman who presented one of the stolen money orders for payment; and that the following day, the defendant successfully presented two of the stolen money orders for payment, each payable to himself in the amount of $100 and executed by a "Jack, Jr." and a "David Wright," respectively, and twice attempted to do likewise as to a third stolen money order.

In testimony given on his own behalf, the defendant denied the charges against him. However, in doing so, the defendant admitted touching the vehicle in issue, explaining that the day before the robbery he had been standing next to the vehicle as he "scratched" lot-

---

[1] The record shows that Ms. Patel spoke no English and did not testify.

tery tickets he earlier had purchased in the store. The defendant otherwise admitted having the money orders in issue, testifying that he had taken the money orders in payment for crack cocaine he sold to a third party; that his girlfriend cashed one of the money orders; that he cashed one of the money orders himself; and that he attempted to cash another.

1. In two enumerations of error the defendant challenges the sufficiency of the evidence and contends that his motion for directed verdict as to Count 2 (aggravated assault upon Shanta Patel) should have been granted. We disagree. The evidence was sufficient to authorize the jury to find the defendant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, supra; see *Favors v. State*, 238 Ga. App. 234, 235 (1) (518 SE2d 444) (1999) ("If a deadly weapon is used to place another in fear of receiving a violent injury, the offense is elevated to aggravated assault. [Cit.]"); *Pope v. State*, 179 Ga. App. 739, 741 (1) (347 SE2d 703) (1986) (forgery in first degree as committed by one making a writing purporting to be the writing of another); *Parker v. State*, 249 Ga. App. 509, 510-511 (1) (548 SE2d 475) (2001) (evidentiary sufficiency as to armed robbery by possession of firearm during commission of crime).

2. In a final claim of error, the defendant contends that the superior court erred in recharging the jury as to the form of the verdict in the event it found the defendant guilty on all counts, arguing that doing so gave undue emphasis to the evidence of defendant's guilt. After instructing the jury that the purpose of its recharge as to the form of the verdict was to correct for an omission in its original charge thereon rather than to emphasize such portions of the original charge as would be reread in doing so, the superior court recharged the jury:

> If you find the defendant not guilty on all counts the form of your verdict would be: We the jury, find the defendant not guilty. Now, should you find the defendant guilty on one or more counts and not guilty on one or more counts, you should specify in your verdict whether you find the defendant guilty on each of the six counts. In other words, you have got to deal with each of the six counts separately, if you don't — if you find some guilty and some not guilty. If you find the defendant guilty on al[l] counts, the form of your verdict would be: We, the jury find the defendant guilty.

The superior court properly recharged the jury as to a matter it had omitted from its original charge. While there is some evidence of confusion arising out of obvious misstatement, read in its totality and in light of the original charge, *Taylor v. State*, 195 Ga. App. 314-315 (1)

(393 SE2d 690) (1990), there is no evidence that the recharge left the jury with any indication as to what the superior court believed the evidence to be. *Turner v. State*, 259 Ga. 873 (2) (388 SE2d 857) (1990). Accordingly, this claim of error likewise fails for lack of merit.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 29, 2001.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.