## A05A0870. BROOME v. THE STATE.
### (614 SE2d 807)

JOHNSON, Presiding Judge.

A jury found Michael Broome and Taisha Silver, a co-defendant not currently before the court, guilty of two counts of aggravated assault. In his sole enumeration of error, Broome claims the evidence was insufficient to support his convictions for aggravated assault. We find no error and affirm Broome's convictions.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

---

[1] *Cockrell v. State*, 248 Ga. App. 359 (1) (545 SE2d 600) (2001).

[2] *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

[3] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

Viewed in that light, the evidence shows that this case involves an attempted armed robbery of an Arby's restaurant. The night before the incident, just after the Arby's closing, Broome and Silver entered the restaurant through the takeout window while wearing stocking masks. Broome and Silver passed their actions off as a joke and informed the Arby's supervisor that she should lock the takeout window because she "could have got got." At 7:45 a.m. the next morning Broome and Silver returned to Arby's. The shift manager, Raven Lunceford, and another employee, Shamieka Lane, were working. Broome and Silver attempted to convince Lunceford to cooperate in a fake "armed robbery" of the restaurant for a share of the money. According to Lunceford, the plan was for them to rob Lunceford and for Lunceford to act like she did not know who did it. Broome expressly told Lunceford that "it's easy, that if [she] was scared, they would take the bullets out." Broome explained to Lunceford how they had come in through the takeout window the night before and "they could have did it that night." Lunceford testified that both Broome and Silver tried to convince her to cooperate.

Lunceford refused to participate in the scheme. Silver told Lunceford she "could do it the easy way or the hard way." Then Silver left Broome to watch over Lunceford as she went to retrieve the handgun from their vehicle in the parking lot. She returned with the handgun, pointed it at Lunceford's head, and forced her behind the counter toward the registers. During this time, Broome forced Lane to walk back into the restaurant's cooler. Then Broome came up to the front and Silver went to the cooler to talk to Lane. Broome told Lunceford to "just do what [Silver] tells you to do and you wouldn't get hurt." Before cash could be obtained, however, the alarm on the safe went off and, simultaneously, another employee entered the restaurant. Silver and Broome left the Arby's together with the admonition that "they would be back." They left the parking lot in the same vehicle. According to Lane, Broome told her that he and Silver intended to shoot Lunceford, and Silver confirmed the statement.

Broome claims the evidence was insufficient to authorize the jury's conclusion that he aided and abetted Silver in the charged offenses because he did not have a weapon and did not threaten anyone. He admits that the trial court correctly charged the jury on bare suspicion, mere presence and mere association. However, he claims that the jury failed to properly apply these legal principles to the evidence. We disagree.

A participant to a crime may be convicted although he is not the person who directly commits the crime.[4] A person who intentionally

---

[4] OCGA § 16-2-20.

aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime.[5] While mere presence at the scene of a crime and mere approval of the criminal act are not sufficient evidence to establish that the defendant was a party to the crime, proof that the defendant shares a common criminal intent with the actual perpetrator may be inferred from conduct before, during, and after the commission of the crime.[6] "[E]vidence of the defendant's conduct before, during, and after the commission of the criminal act will authorize the defendant's conviction for commission of the criminal act if a jury could infer from the conduct that the defendant intentionally encouraged the commission of the criminal act."[7]

Here, evidence shows that Broome entered the takeout window with Silver the night before the incident while wearing a stocking mask and carrying a handgun. He returned to the restaurant the next morning with Silver. Both he and Silver tried to convince Lunceford to participate in a fake armed robbery. He explained how easy it would be to pull off and told Lunceford they would take the bullets out of the gun if it would make her feel better. When Lunceford refused, Broome watched over Lunceford while Silver retrieved the handgun from their car. Broome then forced Lane into the cooler and told Lane they intended to shoot Lunceford. He subsequently informed Lunceford that she would not get hurt if she cooperated with Silver. When the alarm went off, Broome and Silver left the restaurant together and drove off in the same car.

Whether Broome was a party to the crime and aided and abetted Silver in the aggravated assaults or intentionally advised, encouraged, or counseled Silver to commit the crimes was a question for the jury.[8] Viewing the evidence in the light most favorable to support the jury's verdict, the evidence of Broome's conduct before, during and after the commission of the crimes was sufficient for a rational trier of fact to find Broome guilty beyond a reasonable doubt as a party to the aggravated assaults on Lunceford.[9]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

---

[5] OCGA § 16-2-20 (b) (3), (4).

[6] See *Jackson v. State*, 278 Ga. 235, 236 (1) (599 SE2d 129) (2004).

[7] Id.

[8] See *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997).

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Coggins v. State*, 275 Ga. 479, 480-481 (1) (569 SE2d 505) (2002); *Burks*, supra.

DECIDED MAY 4, 2005 —
RECONSIDERATION DENIED MAY 13, 2005.

*Blend & Michael, James D. Michael*, for appellant.
*Jeffrey H. Brickman, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.