A05A1603. ROBERTSON v. THE STATE.
(626 SE2d 206)

MIKELL, Judge.

After a jury trial, Randy Jerome Robertson was convicted of robbery, attempting to elude, no tag, and obstruction of an officer. Robertson's co-defendant, Arthur Lee, was also convicted of robbery and obstruction of an officer.[1] On appeal, Robertson argues that his trial counsel was ineffective because she was inadequately prepared for trial, that the evidence was insufficient, and that the trial court should have granted Lee's motion to sever his trial from Robertson's. We affirm.

The standard of review on appeal of a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

---

[1] Both defendants were also charged with armed robbery in connection with an incident, which preceded the robbery resulting in the convictions herein. The jury acquitted both defendants of the armed robbery charge.

elements of the crime beyond a reasonable doubt."[2] The appellant no longer enjoys the presumption of innocence, and we determine only the sufficiency of the evidence.[3] We do not weigh the evidence or assess witness credibility.[4] So viewed, the evidence shows that at approximately 10:15 a.m. on Friday, October 12, 2001, Georgia Ramatowski, manager of the Eckerd Drug Store on the corner of South Cobb Drive and Pat Mell Road, was robbed as she attempted to enter her car to take the store's deposit to the bank. Ramatowski testified that the Friday morning routine at the store begins when the delivery truck arrives at approximately 6:00 a.m.; that the employees unload the truck and sort the merchandise; that the deposit is taken to the bank routinely between 10:00 a.m. and 10:30 a.m.; that defendant Robertson was her assistant manager at that time; and that Robertson knew the Friday morning routine and how much money was usually in the deposit bag. Ramatowski further testified that on the day in question, she saw a tan truck that was backed suspiciously into a parking space at the store; that after she reached her car, someone lunged at her in an attempt to grab the money bag; that she screamed for help as she struggled with the person, who ultimately was able to wrestle the bag away from her; that the person who robbed her was wearing a midnight blue or black hooded sweatshirt that was tied closely around his face; that the person never spoke to her; that she saw the truck turn right onto Pat Mell Road; and that there was approximately $5,700 in the bag. Ramatowski also stated that later that day, she was taken to an apartment complex on Windy Hill Road where she identified the truck used in the robbery, the bag of money, and the sweatshirt that the assailant wore.

Margarita Toledo and Vincent Lorusso, who worked in a building across the street from Eckerd, testified that they heard Ramatowski's screams, saw a man, wearing a dark-colored and hooded shirt, run toward and then enter the passenger door of a tan truck, and that they flagged down a police officer who was turning onto Pat Mell Road. Lorusso further testified that he reported the robbery to the officer, told him that the suspect fled in a champagne or tan little Ford pickup truck, and that the officer called in the report as Lorusso talked to him. Officer John Lee Sparks of the City of Smyrna Police Department testified that he was responding to the alarm call when Lorusso flagged him down. Lorusso told him that the perpetrator fled

---

[2] (Citations and punctuation omitted.) *Parks v. State*, 257 Ga. App. 25 (1) (570 SE2d 350) (2002).

[3] See *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556) (1997).

[4] Id.

the scene in a tan Ford Ranger pickup truck that was heading eastbound on Pat Mell Road. Officer Mitchell Lawrence Plumb testified that as he traveled northbound on Windy Hill Road, he heard the "lookout" about the robbery and soon thereafter, observed a tan truck traveling southbound on Windy Hill Road. Plumb and the officer in the lane next to him agreed that the vehicle and one of its occupants matched the description given on the radio.

Plumb recalled that the driver of the truck made an improper right turn, then Plumb followed the truck. When Plumb observed that the truck had no license plate, he activated his lights, at which point the truck accelerated, and Plumb gave chase. Several police officers joined the chase, pursuing the truck at high rates of speed until it turned into an apartment complex. The suspects then attempted to flee on foot. Lieutenant Thomas Baker testified that he participated in the chase, that the subjects ran toward him as they were being chased by other officers, and that he apprehended Robertson, who attempted to conceal himself behind shrubbery. Another officer tackled Lee as he tried to run away.

Sergeant Norman Johnson testified that he found the Eckerd money bag in a bush nearby. Detective Bill Geter testified that he determined that the truck belonged to Lee; that he found the truck's license plate in its bed; and that he located a black, hooded, sweat jacket under the spare tire in the bed of the truck.

1. In his first enumerated error, Robertson argues that his trial counsel was ineffective because she did not have enough time to prepare for his trial and summarily concludes that the fact of his conviction and length of his sentence establish that he was prejudiced by trial counsel's lack of preparation.[5] The record belies Robertson's contentions.

"To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies."[6] Courts considering ineffectiveness claims are "not required to address the performance portion of the inquiry before the prejudice component or even to address both components if the defendant has made an insufficient showing on

---

[5] Robertson mentions that the trial court should have granted his motion for a continuance but did not enumerate the ruling as error. "A party cannot expand his enumerations of error through argument or citation in his brief." (Citation and punctuation omitted.) *Abelson v. State,* 269 Ga. App. 596, n. 1 (604 SE2d 647) (2004). Accordingly, this issue was not preserved for appellate review.

[6] (Citation omitted.) *Hardegree v. State,* 230 Ga. App. 111, 113 (4) (495 SE2d 347) (1998), citing *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

one."[7] A trial court's finding that a defendant received effective assistance of counsel must be upheld unless clearly erroneous.[8] Bearing these principles in mind, we find no merit to Robertson's claim.

At the motion for new trial hearing, Robertson's trial counsel testified that she had been practicing criminal law for 25 years; that she handled approximately 100 felony and 100 misdemeanor cases per year; that she was appointed to handle Robertson's case on or about March 18, 2003, and that the trial began on March 31, 2003. Trial counsel further testified that she obtained Robertson's entire file from the clerk's office on March 20, 2003; that she worked on the case for one full work week and two weekends; that she met with Robertson three times, and they discussed trial strategy; that she talked to each witness that Robertson suggested, one of whom helped to secure his acquittal on the armed robbery charge, but that the other witnesses would not have been helpful; and that she read every police report and statement included in the state's file and outlined and compared them to prepare for trial. Trial counsel surmised that the number of hours she spent preparing for the instant trial was equal to the number of hours that she normally worked to prepare for a trial on this type of case but that under ordinary circumstances, the hours are usually spread out over a longer period of time.[9]

We have previously held "that there exists no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel."[10] In light of trial counsel's testimony, we do not find error in the trial court's determination that trial counsel rendered effective assistance to Robertson. Even assuming, arguendo, that Robertson established that trial counsel was inadequately prepared, he did not show how additional preparation time would have changed the outcome of his trial. Therefore, he has also failed to establish that this alleged instance of ineffectiveness

---

[7] (Citation and punctuation omitted.) *Green v. State*, 240 Ga. App. 650, 652-653 (3) (523 SE2d 632) (1999).

[8] *Williams v. State*, 234 Ga. App. 191, 193 (2) (506 SE2d 237) (1998).

[9] During the hearing, the trial judge recalled that he remembered the case very well, that almost all of trial counsel's objections were sustained, and that she successfully argued a motion to exclude similar transaction evidence.

[10] (Punctuation omitted.) *Vanholten v. State*, 271 Ga. App. 782, 783 (2) (a) (610 SE2d 555) (2005), citing *Waddell v. State*, 224 Ga. App. 172, 175 (3) (a) (480 SE2d 224) (1996). See also *Wilkes v. State*, 269 Ga. App. 532, 536 (4) (604 SE2d 601) (2004) ("There exists no specified amount of time which a counsel must spend in preparation for trial; each situation must be judged upon its own circumstances and in light of its own degree of complexity.") (citation and punctuation omitted).

prejudiced his defense,[11] as is required under *Strickland*.[12]

2. Robertson next challenges the sufficiency of the evidence. Citing no authority in support of his argument, Robertson maintains that the evidence did not establish who had the money bag or whether he was a party to the robbery. We disagree.

A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime. . . . [P]roof that the defendant shares a common criminal intent with the actual perpetrator may be inferred from conduct before, during, and after the commission of the crime. Evidence of the defendant's conduct before, during, and after the commission of the criminal act will authorize the defendant's conviction for commission of the criminal act if a jury could infer from the conduct that the defendant intentionally encouraged the commission of the criminal act.[13]

Even if we assume that Robertson did not ever have physical possession of the money bag, we find that the evidence set forth above was sufficient to convict him as a party to the crime of robbery.[14]

3. In his last enumerated error, Robertson challenges the trial court's denial of Lee's motion for severance. The record shows, however, that Robertson did not file a motion to sever nor did he join his co-defendant's motion when it was argued below. Therefore, he has waived any argument he may have had concerning severance on appeal.[15]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 17, 2006.

*Roderick H. Martin, David J. Koontz*, for appellant.

---

[11] Compare *Johnson v. State*, 268 Ga. App. 1, 3-4 (1) (a) (601 SE2d 392) (2004) (although trial counsel's preparation time was inadequate, the defendant could not demonstrate a reasonable probability that but for counsel's shortened preparation time, the trial would have turned out differently).

[12] Supra.

[13] (Punctuation and footnotes omitted.) *Broome v. State*, 273 Ga. App. 273, 274-275 (614 SE2d 807) (2005); OCGA § 16-2-20.

[14] See *Merino v. State*, 230 Ga. 604, 606 (2) (198 SE2d 311) (1973) (defendant was properly convicted as a party to the crime on testimony that he was seen with the active participants shortly after the crime though he was never identified as being with them at the time of the crime or before it occurred).

[15] See *Smith v. State*, 267 Ga. 372, 373 (2) (477 SE2d 827) (1996).

*Patrick H. Head, District Attorney, Amelia G. Pray, Rose L. Wing, Assistant District Attorneys*, for appellee.