## A06A1069. FORD v. THE STATE.
### (634 SE2d 522)

PHIPPS, Judge.

A jury found Rico Ford guilty of six counts of aggravated assault and one count of aggravated battery in connection with a drive-by shooting. He appeals, claiming that the evidence was insufficient to support his convictions because he was merely the driver of the car, not the shooter. We disagree and affirm.

When evaluating a challenge to the sufficiency of the evidence, we determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[1] We do not weigh the evidence, resolve conflicts in testimony, or assess witness credibility; rather, we view the evidence in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence.[2] So viewed, the record shows that on the day of the shooting, three of Ford's friends — Joe Brown, Antonio Scott, and Jackie Eberhart — drove to his house to pick him up for an evening of "fun with the fellas." Although the car belonged to Brown, Ford drove and Scott sat in the front passenger seat. Ford pulled up to a crowded corner to buy marijuana, but the deal fell through and he drove away. He made a U-turn and drove back to the corner with the car's headlights turned off. Multiple witnesses testified that shots from more than one gun were fired from the car into the crowd. One witness heard 30 to 40 shots.

The crowd dispersed when the shooting began, but one person, Jeremy Ramsey, slipped and fell as he tried to flee. The car passed him as he lay on the ground, then backed up and stopped next to him. Ramsey saw a rifle pointed at him from a passenger window, and he begged, "Please don't shoot me." Nevertheless, ten to twelve shots were fired at him and one hit him in the back, puncturing a lung.

The police issued a BOLO ("be on the lookout") for a car matching the description of the one witnesses had seen at the corner. Within ten

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Escutia v. State*, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003).

minutes, Officer Charlie Timms of the Jackson County Sheriff's Department spotted such a car and, after waiting for backup officers, stopped it. The police arrested the four men inside — Ford, Brown, Scott, and Eberhart — and then searched the car. They found a pump shotgun, an assault rifle, and a .22 revolver, as well as ammunition for all three guns.

At the corner where the shooting had occurred, the police found numerous spent casings. A firearm examiner from the state crime lab testified that the casings had been fired from the assault rifle and revolver found in Brown's car.

At trial, Ford admitted that he drove Brown's car slowly past the corner while the passenger, Scott, was firing shots into the crowd. He also admitted that he stopped next to Ramsey, who was lying on the ground, and heard him plead for his life. He admitted that he knew there was a shotgun in the car, although he claimed that he had not known in advance that Scott was going to fire the gun. Finally, a Georgia Bureau of Investigation agent testified that after Ford was given *Miranda* warnings, he said, "I don't give a fuck who got shot, and I don't care if it was the fucking [p]resident's son that got shot."

Under OCGA § 16-2-20, "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime."[3] A person is concerned in the commission of a crime if he intentionally aids or abets in its commission.[4] Although mere presence at the scene of a crime is insufficient to convict a defendant of being a party to the crime, "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred."[5]

The state presented evidence that Ford drove the car knowing a gun was inside, extinguished the headlights and drove slowly past a crowded corner as Scott opened fire, and stopped the car next to a prone victim while Scott continued shooting. Later, Ford told the police that he did not care who had been shot. Despite Ford's argument to the contrary, this evidence was sufficient to support his convictions as a party to the crimes.[6]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

---

[3] OCGA § 16-2-20 (a).

[4] OCGA § 16-2-20 (b) (3).

[5] *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556) (1997) (citation and punctuation omitted); see also *Brown v. State*, 278 Ga. 724, 726 (1) (609 SE2d 312) (2004).

[6] See, e.g., *Eckman v. State*, 274 Ga. 63, 65 (1) (548 SE2d 310) (2001); *Warren v. State*, 245 Ga. App. 768 (1) (a) (538 SE2d 840) (2000); *Haynes v. State*, 199 Ga. App. 288, 289 (1) (404 SE2d 585) (1991).

DECIDED JULY 21, 2006.

*Barry E. King*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.