## A10A0272. DENNIS v. THE STATE.
(696 SE2d 333)

ADAMS, Judge.

Corey Marqueze Dennis appeals from his conviction on one count of aggravated assault and from the denial of his motion for new trial. He contends the evidence was insufficient, the trial court erred by failing to excuse certain jurors for cause, and his trial counsel was ineffective. We affirm.

1. Construed in favor of the verdict the evidence shows that Dennis, with the assistance of Quantes Anderson, attempted to purchase five dollars' worth of marijuana from William Earven, a co-indictee, at Earven's home. Unhappy with the marijuana that he received, and with Anderson's assistance, Dennis confronted Earven inside Earven's home and got his five dollars back. During that confrontation, Dennis stated that he would be back with a gun.

Dennis and Anderson left in Dennis's car, and as they were leaving, Earven's brother, who had also been at the house, threw a bottle and hit Dennis's car. Thereafter, Dennis and Anderson drove away and eventually picked up two other men who both had weapons. At some point, Anderson got out of the car. Dennis and the two armed men then drove back to Earven's house, and the two passengers got out of the car showing their guns.

Meanwhile, Earven had left his home in a car and picked up Sterling Logan, another co-indictee, who also had a gun, in part because, as Earven admitted, he was getting ready for a fight. Logan, however, testified that Earven had the gun initially. In any event, Earven admitted having the gun in his possession at some point. Logan testified the gun was a .38 or .357 caliber weapon. When Earven and Logan returned to Earven's home, a shootout began between the two groups of men, although it is unclear who fired first. The shooting continued from both parties as Dennis drove away.

During the shootout, a .45 caliber bullet went through the wall of a nearby house into the bedroom of two brothers and struck a 16-year-old visitor in the chest, causing a nonfatal injury. Dennis turned himself in to the police the following day. Dennis, Earven and Logan were indicted on three counts of aggravated assault: Count 1 for the boy who was hit, and Counts 2 and 3 for the two brothers. Earven and Logan were also charged with possession of a firearm by a convicted felon. Earven and Logan pled guilty to Count 1. Dennis pled not guilty and was tried by a jury. The jury convicted him on Count 1 and acquitted him on Counts 2 and 3.

"A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon. . . ." OCGA § 16-5-21 (a) (2). And "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission

of the crime." OCGA § 16-2-20 (a). A person is concerned in the commission of a crime if he directly commits the crime, intentionally aids or abets in the commission of the crime, or intentionally advises, encourages, hires, counsels, or procures another to commit the crime. OCGA § 16-2-20 (b) (1), (3), (4); *Lopez v. State*, 297 Ga. App. 618, 620 (1) (677 SE2d 776) (2009), disapproved on other grounds *State v. Gardner*, 286 Ga. 633 (690 SE2d 164) (2010).

Dennis claims that he was already driving away when the shooting began and that the evidence shows his passengers did the shooting. "Although mere presence at the scene of a crime is insufficient to convict a defendant of being a party to the crime, 'presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.'" *Ford v. State*, 280 Ga. App. 580, 581 (634 SE2d 522) (2006). Here, the jury was authorized to find that Dennis first threatened to and then intentionally returned to the scene of an earlier argument with two armed men who fired the first shot. As a consequence, the jury was authorized to conclude that Dennis participated in a gunfight with Earven and Logan that resulted in injuries to the boy. See *Ford*, 280 Ga. App. at 581 (evidence of aggravated assault sufficient where defendant "drove the car knowing a gun was inside, extinguished the headlights and drove slowly past a crowded corner as [passenger] opened fire, and stopped the car next to a prone victim while [passenger] continued shooting").

2. Because the evidence was sufficient to support the verdict, Dennis's assertion that his trial counsel was ineffective for failing to move for a directed verdict on Count 1 is without merit.

3. Dennis also contends the trial court erred by striking three jurors for cause. Voir dire revealed that Juror 2 grew up in the same neighborhood with Dennis's aunts and uncles; that he was "really close to the family"; that he sees the family constantly; that he thought it "would be kind of hard" to be an impartial juror; but that he did not know Dennis that well. Voir dire revealed that Juror 9 knew Dennis's father because they had lived in the same neighborhood for about ten or twelve years ending about fifteen or twenty years earlier; that he might have trouble being impartial; but that he had only seen Dennis and did not know him. He considered the relationship with Dennis's father as "old neighbors" or "friends," and he still sees him from time to time. When asked if he could be impartial despite that relationship, the juror responded that he could; but when further questioned about whether he could treat each side the same, without a feeling for one side or the other, the juror stated that he could not be impartial. Voir dire revealed that Juror 19 thought he could not be impartial; that he grew up with Dennis's father but that he had not remained in contact with him

through the years; that he had spoken with Dennis's father prior to court that day and learned that Dennis "got in trouble"; and that he thought he knew the father too well to be impartial.

The trial court excused Jurors 2 and 9, explaining, "They both indicated they could not be impartial because of relationships with the family." The trial court struck Juror 19 because, as the court stated, "[The juror] indicated, almost with a chuckle, that he absolutely could not be impartial in this case."

For a juror to be excused for cause,

> it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. [Cits.]

*Hargett v. State*, 285 Ga. 82, 84 (3) (b) (674 SE2d 261) (2009). "[T]he decision to strike a juror for cause lies within the sound discretion of the trial court." (Citation omitted.) *Garland v. State*, 263 Ga. 495, 496 (1) (435 SE2d 431) (1993).

We find this enumeration to be controlled by *Coleman v. State*, 286 Ga. 291, 296 (5) (687 SE2d 427) (2009). In that case, the trial court struck for cause a juror who only indicated that she knew the defendant's family, attended the same church, and knew a little about the case. Yet the trial court did not ascertain whether "she held an opinion so fixed and definite that she could not set it aside and decide the case based on the evidence or the court's charge on the evidence." Id. Nevertheless, without a showing that a competent and unbiased jury was not selected, there was no reversible error:

> "[A] defendant has no vested interest in a particular juror but rather is entitled only to a legal and impartial jury; thus, the . . . (dismissal) for cause (for a reason that is not constitutionally impermissible), even if erroneous, affords no ground of complaint if a competent and unbiased jury is selected." *Perry v. State*, 264 Ga. 524 (2) (448 SE2d 444) (1994). There being no showing that a competent and unbiased jury was not selected, the assertion of error is without merit.

Id.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED MAY 20, 2010 —
RECONSIDERATION DENIED JUNE 21, 2010.

*Bernadette C. Crucilla*, for appellant.
*Howard Z. Simms, District Attorney, Sandra G. Matson, Assistant District Attorney*, for appellee.